# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE YOUNG, | ) 1:11-cv-590 GSA |
| Plaintiff, | ) MEMORANDUM AND ORDER |
| v. | ) GRANTING DEFENDANTS' |
| | ) MOTION TO DISMISS IN PART |
| REEDLEY COMMUNITY COLLEGE; POLICE OFFICER F. URBA; and STATE CENTER COMMUNITY COLLEGE DISTRICT, | ) |
| | ) (Document 10) |
| Defendants, | ) |
| _____ | ) |

## BACKGROUND

On April 21, 2011, Plaintiff, Lawrence Young, ("Plaintiff") filed a First Amended Complaint ("FAC") against Defendants, Reedley Community College ("RCC"), the State Center Community College District ("SCCCD"), and Police Officer Felipe Uribe[1] (collectively, "Defendants"). (Doc. 6). On June 23, 2011, Defendants filed a Motion to Dismiss. (Doc. 10). Plaintiff filed an opposition on August 23, 2011. (Doc. 15). Defendants filed a reply on August 31, 2011. (Doc. 16). The hearing on the motion was scheduled for September 19, 2011. (Doc. 14).

---

[1] Defendants allege that Police Officer Felipe Uribe was erroneously sued as F. Urba. Plaintiff appears to concede this fact in his opposition.

Due to the retirement of United States District Court Judge Oliver W. Wanger, the case was reassigned to this Court pending the consent of the parties. Both parties consented to magistrate judge jurisdiction and the case was reassigned to this Court for all purposes on November 23, 2011. (Docs. 19, 22, and 23). The Court reviewed the pleadings and took the matter under submission. (Doc. 24). Defendants' Motion to Dismiss is GRANTED IN PART.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), the court accepts that the allegations in the complaint are true, and the court construes these facts in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary and specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

2

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a probability requirement, but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50 (internal cites and quotes omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## SUMMARY OF PLAINTIFF'S FAC [2]

The FAC alleges the following :

1) On or around March 24, 2010, at RCC, Mr. Young, a person of color, and a student at RCC, retrieved some of his personal property from his vehicle which was located in the parking lot at the college.

2) As Mr. Young was leaving his vehicle, he heard someone yell, "come over here," in a

---

[2] This summary of Plaintiff's FAC (the operative complaint in this action) contains Plaintiff's allegations only and does not contain factual findings by the Court.

rude aggressive and authoritative manner.  Mr. Young turned and saw Defendant Uribe coming in his direction.

        3) Defendant Uribe asked Mr.Young if he had seen a parking ticket on his vehicle.

        4) Mr. Young responded that he lived in the dormitory and that he had a parking permit. Mr. Young showed the permit to Defendant Uribe.

        5) Defendant Uribe demanded that Mr. Young produce his identification.  When Mr. Young asked why additional identification was needed, Defendant Uribe became extremely upset and indicated he could do whatever he wanted because he was a campus officer.

        6) Suddenly, Defendant Uribe pepper sprayed Mr. Young in his eyes and face.  When Mr. Young ran to his dorm to wash the pepper spray off, Defendant Uribe ran after Mr. Young, grabbed him around the neck, and slammed him to the ground.  Defendant Uribe continued to manhandle Mr. Young as he lay on the ground.

        7) Defendant Uribe's conduct caused Mr. Young excruciating physical and mental pain. He was taken to the hospital due to injuries he sustained.

        8) Defendant Uribe charged Mr Young with resisting arrest pursuant to Section 148 of the California Penal Code, however, the charges were later dismissed.

        9) As a direct result of the above, Plaintiff has become mentally upset, distressed, humiliated, embarrassed, inconvenienced, and suffered mental anguish.

The FAC alleges the following causes of action:

1) A violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983;[3]

2) A violation of the First Amendment pursuant to 42 U.S.C. § 1983;

3) A violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983;

4) Policy and Custom;

5) Civil Rights Conspiracy pursuant to 42 U.S.C. § 1985;

---

[3] As Defendants note, Plaintiff alleges violations of 28 U.S.C. § 1983 which is an incorrect cite. The Court presumes plaintiff intended to cite to 42 U.S.C. § 1983 which is the civil rights statute. Plaintiff is given leave to amend the complaint.  Any amended complaint shall include the correct statutory citation.

4

6) Battery;

7) Assault;

8) Negligence;

9) Intentional Infliction of Emotional Distress;

10) A violation of the California Civil Code § 51 - Unruh Civil Rights Act;

11) A violation of California Civil Code § 51.7;

12) Negligent Infliction of Emotional Distress; and

13) Negligent Hiring, Retention, Supervision and Assignment.

Plaintiff seeks declaratory and injunctive relief, compensatory, special, and punitive damages, attorney's fees, costs, prejudgment interest, and other relief the Court deems proper.

# DISCUSSION

In the motion, Defendants argue the case should be dismissed for the following reasons : 1) the Eleventh Amendment bars the causes of action alleging violations of 42 U.S.C. § 1983 (the first through the fourth causes of action); 2) Plaintiff's fifth cause of action alleging conspiracy pursuant to 42 U.S.C. § 1985 is vague and conclusory; 3) Plaintiff failed to plead compliance with the California Tort Claims Act for the state law claims (the sixth through the twelfth causes of action); 4) Plaintiff improperly named RCC as a separate entity which is not subject to suit; and 5) Plaintiff improperly seeks punitive damages against all defendants. In opposition to the motion, Plaintiff contends that sovereign immunity does not shield the Defendants from liability.  Further, Plaintiff alleges that any alleged defects in the state law claims may be cured through an amendment of the FAC.

*1. Sovereign Immunity*

The Civil Rights Act provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.
> 42 U.S.C. § 1983.

However, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). "Although the exact limits of the Eleventh Amendment are difficult to determine, it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent." Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir. 1992).

In Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988), the Ninth Circuit set out a five-factor test to determine whether an agency is a state agency for purposes of the Eleventh Amendment. The Court held that community college districts are dependent instrumentalities of the state and are therefore immune from suit under the Eleventh Amendment. Mitchell v. Los Angeles Community College Dist., 861 F.2d at 201. The Ninth Circuit has reiterated this premise in subsequent cases. See, Johnson v. Rancho Santiago Community College Dist., 623 F. 3d 1011, 1021 n. 4 (9th Cir. 2010) ("Absent a waiver, the District would be entitled to immunity because California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment"); Cerrato v. San Francisco Community College Dist., 26 F. 3d 968, 973 (9th Cir. 1994) *("We have held that community college districts are dependant instrumentalities of the state of California ... Accordingly, we lack jurisdiction to hear Cerrato's claims against the district.")*; Jackson v. Hayakawa, 682 F.2d 1344, 1350-1351 (9th Cir. 1982) ("trustees are an arm of the state that can claim Eleventh Amendment immunity").

Plaintiff argues that Mitchell was improperly decided and he encourages the Court to

engage in an independent analysis of the five factor test. However, as the Ninth Circuit noted in Cerrato, such an analysis would be improper:

> Cerrato urges us to overrule circuit precedent with respect to [the issue of Eleventh Amendment immunity]. In the absence of an en banc reversal or an intervening Supreme Court decision, however, we are bound by circuit law. See Atonio v. Wards Cove Packing Co., Inc., 810 F.2d 1477, 1478–79 (9th Cir.1987), rev'd on other grounds, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989).

Cerrato v. San Francisco Community College Dist., 26 F.3d at 972 n.15.

Since Ninth Circuit law is clear, Defendants RCC and SCCCD are entitled to Eleventh Amendment immunity for Plaintiff's section 1983 and 1985 claims, as well as the policy and custom claim.[4] Similarly, the Eleventh Amendment also bars suits in federal court against states on the basis of violations of state law. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984); Cholla Ready Mix Inc. v. Civish, 382 F. 3d 969, 973-974 (9th Cir. 2004); Ashker v. Cal. Dep't of Corr., 112 F. 3d 392, 394-395 (9th Cir. 1997). Accordingly, all of Plaintiff's claims against Defendants SCCCD and RCC are barred under the Eleventh Amendment and are dismissed.

   *2.   Eleventh Amendment Immunity and Defendant Uribe*

Defendants also argue that Defendant Uribe is entitled to Eleventh Amendment immunity in his official and individual capacities. Specifically, Defendants argue that Uribe is entitled to immunity in his official capacity because state officers sued in their official capacities are not considered persons under section 1983 and are immune from suit. Similarly, although Plaintiff's FAC alleges that Uribe is sued in both his individual and official capacities, Plaintiff makes no allegation of any action taken by Uribe in his individual capacity. Defendants contend that because Uribe is an employee of the SCCCD's police department and his conduct occurred during communication regarding Plaintiff's parking ticket, he was performing law enforcement duties on behalf of the state and is immune in his individual capacity. Defendants cite to

---

[4] Defendants have argued that RCC is improperly named as a separate defendant in this action. Plaintiff has not addressed this argument in the opposition. Plaintiff's entire opposition on this point argues that SCCCD is not entitled to Eleventh Amendment immunity. In the absence of any argument to the contrary, the Court presumes that RCC was improperly named as a separate defendant in this action.

7

Venegas v. County of Los Angeles, 32 Cal. 4th 820, 826 (2004) in support of their position. Plaintiff does not address this issue in his opposition.

### a. *Official Capacity*

The Court finds that sovereign immunity does apply to Defendant Uribe in his official capacity. In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the state itself, which would be barred by the Eleventh Amendment. Id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir.1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir.1988). However, one exception to this rule is that the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. Flint v. Dennison, 488 F. 3d 816, 825 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab, 131 F. 3d 836, 839 (9th Cir. 1997); Armstrong v. Wilson, 124 F. 3d 1019, 1025 (9th Cir. 1997).

In this case, Plaintiff has requested declarative and injunctive relief in addition to monetary damages. Therefore, Defendant's Motion to Dismiss Defendant Uribe in his official capacity is granted regarding Plaintiff's request for monetary damages, but is denied regarding Plaintiff's request for declaratory and injunctive relief.

### b. *Individual/Personal Capacity*

Although Defendants contend that Defendant Uribe is entitled to Eleventh Amendment immunity in his individual capacity, it is well established in the Ninth Circuit that state officers sued in their personal capacity are persons for purposes under section 1983. Porter v. Jones, 319

F. 3d at 483, 491 (9th Cir. 2003); <u>Denieva v. Reyes</u>, 966 f. 2d 480, 483 (9th Cir. 1992); <u>Hafer v. Melo</u>, 502 U.S. 21 (1991).  Thus, Eleventh Amendment immunity does not extend to a state officer sued in his individual or personal capacity.  <u>Porter v. Jones</u>, 319 F.3d at 491; <u>Price v. Alaska</u>, 928 F. 2d 824, 828 (9th Cir. 1991).

In determining capacity, it is important to realize that the capacity in which the official acted when engaging in the alleged constitutional conduct does not determine the capacity in which the official is being sued.  <u>Hafer v. Melo</u>, 502 U.S. at 26.  Rather, capacity is best understood as a reference to the capacity in which the state officer is sued, not in the capacity in which the officer inflicts the alleged injury. <u>Price v. Alaska</u>, 928 F.2d at 828.  Personal-capacity suits seek to impose liability upon a government official for actions [the official] takes under color of state law.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985).  Liability in a personal-capacity suit can be demonstrated by showing the official caused the alleged constitutional injury. <u>Id</u>.

Here, Defendants argue that because Defendant Uribe was performing acts as an employee of the SCCCD's police department, he was acting under color of law and is entitled to Eleventh Amendment immunity in his individual capacity.  This argument confuses the capacity in which a defendant is sued with the capacity in which the defendant was acting when the alleged deprivation of rights occurred. Whether the Defendant acted under color of his state office may bear on whether the Plaintiff can state a claim under section 1983, however, it is not dispositive of the question of Eleventh Amendment immunity. In this instance, the FAC clearly indicates Plaintiff is suing Defendant Uribe in his personal capacity and that and he is seeking monetary damages for a violation of his constitutional rights.  (Doc. 1, at pgs. 2-8).  The Ninth Circuit confronted a similar situation in <u>Cerrato</u> :

> We also have jurisdiction to hear Cerrato's section 1983 claims against the other defendants—in their individual capacities—for monetary damages. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." A victory in such a suit is a "victory against the individual defendant, rather than against the entity that employs him." Thus, the Eleventh Amendment prohibition against monetary

> damages imposed on a state does not apply to such suits. Accordingly, we may hear Cerrato's section 1983 claim to the extent that he asks for monetary damages against the other defendants in their individual capacities.

Cerrato v. San Francisco Community College District, 26 F. 3d at 973 (citations omitted).

Moreover, Defendants' reliance on Venegas v. County of Los Angeles is misplaced. Venegas v. County of Los Angeles is a California Supreme Court case which is not binding authority in this jurisdiction. As previously noted, this Court is bound by Ninth Circuit precedent. Furthermore, an examination reveals that the issue presented in Venegas did not focus on a law enforcement officer's individual versus official capacity, but rather on whether a Sheriff was a state or county official for purposes of assessing Eleventh Amendment immunity. Venegas v. County of Los Angeles, 32 Cal. 4th at 828-839.

Accordingly, the section 1983 and 1985 claims against Defendant Uribe in his personal or individual capacity are not barred by the Eleventh Amendment. Defendant's Motion to Dismiss against Defendant Uribe is DENIED on that basis.

### 3.   42 U.S.C. § 1985

Plaintiff has alleged a section 1985(3) claim. A claim brought for a violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of this conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim. Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). A mere allegation of conspiracy is insufficient to state a claim. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citing Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)).

A review of the FAC reveals Plaintiff fails to provide any facts demonstrating conspiracy

or racial bias.  (Doc. 1, pgs. 7-8 ).   The FAC alleges he is a person of color and contains a cause of action for conspiracy, however there is no reference to any specific facts supporting the allegations.  For example, Plaintiff fails to identify who participated in the conspiracy, what acts occurred in furtherance of the conspiracy, and he does not explain how his civil rights were deprived through a conspiracy motivated by racial or other class-based animus.  As such, the FAC's over-generalized conspiracy claims are insufficient.  Therefore, Defendants' Motion to Dismiss this claim is GRANTED, however, Plaintiff will be given an opportunity to amend this claim.[5]

### 4.  The California Tort Claims Act

The California Tort Claims Act ("CTCA") requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.[6]  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court of Kings County, 32 Cal.4th at 1245; Mangold  v. California Pub. Utils. Comm'n, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988).  Defendants allege that Plaintiff's FAC fails to set out the necessary compliance.

In opposition to the motion, Plaintiff alleges that the incident occurred on March 24, 2010,

---

[5] When amending this cause of action, Plaintiff shall be mindful of the Eleventh Amendment bars to liability outlined in this order.

[6] There is no formal requirement for the exhaustion of state judicial or administrative remedies for claims made under § 1983. Ellis v. Dyson, 421 U.S. 426, 432-33, 95 S.Ct. 1691 (1975); a plaintiff need not comply with the requirements of the California Tort Claims Act when bringing a federal civil rights action. Donovan v. Reinbold, 433 F.2d 738, 741 (9th Cir.1970); Lacey v.C.S.P. Solano Medical Staff, 990 F.Supp. 1199, 1206-07 (E.D.Cal.1997). A failure to comply with California's tort claims requirement does not vitiate any claim of Plaintiff's pursuant to § 1983.

11

and that he filed a claim with SCCCD on September 15, 2010.  On October 5, 2010, Defendants rejected Plaintiff's claim and placed the rejection in the mail on October 12, 2010.  Pursuant to Cal. Gov't Code § 945.6(a)(1), to be timely, an action must be commenced within 182 days or six months after notice of rejection of the claim is served or placed in the mail, which ever period is longer.  Gonzales v. County of Los Angeles, 199 Cal. App. 3d, 601, 614 (1988).  Plaintiff filed the instant action on April 12, 2011.  Given these representations, it appears that Plaintiff's state law claims may be able to be cured through amendment.[7]  Accordingly, Defendants' Motion to Dismiss these causes of action is GRANTED, but Plaintiff will be given leave to amend the state law claims related to Defendant Uribe's alleged conduct.

### 5. *Punitive Damages*

Punitive damages are available in section 1983 actions.  Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (citations omitted).  "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating the wrong."  Dang, 422 F.3d at 810.  The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence, id. at 807, and an award of punitive damages is predicated on the plaintiff proving that the defendant's conduct was malicious, wanton, or oppressive, or in reckless disregard of the plaintiff's rights, Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986); Dang at 807-09.

The standard for awarding punitive damages under California law is similar. Under California law, punitive damages may be appropriate "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294. Malice may be shown where the defendant exhibits "the motive and willingness to vex, harass, annoy, or injure," Nolin v. Nat'l Convenience Stores, Inc., 95 Cal.App.3d 279, 285 (1979) (internal quotation marks omitted), or a "conscious disregard of the rights and safety of others,"

---

[7] The state law claims relate only to Defendant Uribe because, as previously explained, the other named Defendants are immune under the Eleventh Amendment.

12

Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1000 (1993). A plaintiff may establish malice "by indirect evidence from which the jury may draw inferences." Taylor v. Superior Court, 24 Cal.3d 890, 894, 157 Cal.Rptr. 693, 598 P.2d 854 (1979).

Defendants argue that Plaintiff's claims for punitive damages must be stricken because punitive damages may not be awarded against a public entity. Moreover, Defendants allege that there are no allegations that give rise to punitive damages against Defendant Uribe. Given this Court's dismissal of RCC and SCCCD, Defendants' argument regarding these state agencies is moot. However, Plaintiff shall be given leave to amend the punitive damages request with regard to Defendant Uribe in his individual capacity.

6. *Leave to Amend*

Plaintiff has been given leave to amend several of his claims. If Plaintiff decides to file a second amended complaint ("SAC") he is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in the [FAC] which are not alleged in a SAC are waived." King v. Atiyeh, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth v. Humana, Inc., 114 F.3d at 1474.

**ORDER**

Based on the above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART as follows:

1) All claims against Defendants RCC and SCCCD are dismissed. Plaintiff's section 1983 and 1985 claims, as well as the policy and custom claim, are dismissed with prejudice. The state law causes of action against these defendants are dismissed without prejudice;[8]

---

[8] The Court dismisses these claims without prejudice because these claims may be viable in the California Superior Court.

13

2) The section 1983 and 1985 claims against Defendant Uribe in his official capacity for monetary damages are dismissed with prejudice.  However, these claims for declaratory and injunctive relief against Defendant Uribe in his official capacity may proceed;

3) Defendants' Motion to Dismiss the section 1983 claims against Defendant Uribe in his individual capacity is DENIED;

4) Defendants' Motion to Dismiss the section 1985 claim is GRANTED, however, Plaintiff may amend this claim;

5) Defendants' Motion to Dismiss the state law claims against Defendant Uribe for failure to comply with the CTCA is GRANTED.  However, Plaintiff is given leave to amend these claims against this Defendant;

6) Defendants' Motion to strike punitive damages against RCC and SCCCD is MOOT. Plaintiff will be given leave to amend the complaint to properly allege punitive damages against Defendant Uribe;

7) Plaintiff shall file a SAC within **thirty (30)** days of the date of this order.  **Failure to file an amended pleading within the time allotted will result in dismissal of the claims where leave to amend was granted;** and

8) The parties shall appear for a scheduling conference on **March 26, 2012 at 9:30 am** in Courtroom 10.  The parties shall submit a joint scheduling report at least seven days prior to the scheduling conference.  Telephonic appearances will be permitted. The parties shall contact Amanda Bradley, Courtroom Deputy at (559) 499-4962 prior to the hearing to make arrangements for any telephonic appearance.

IT IS SO ORDERED.

Dated:   **January 26, 2012**                    /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE