Michael G. Marderosian, No. 77296
Sue Ann Cercone, No. 143122
MARDEROSIAN, RUNYON, CERCONE & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170
Email:   mick@mrcl-law.com
Email:   scercone@mrcl-law.com

Attorneys for: Defendant, POLICE OFFICER FELIPE URIBE (erroneously sued herein as F. URBA)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT / FRESNO DIVISION

| | |
|---|---|
| LAWRENCE YOUNG,<br><br>     Plaintiff,<br><br>  vs.<br><br>REEDLEY COMMUNITY COLLEGE; POLICE OFFICER F. URBA aka FELIPE URIBE; & STATE CENTER COMMUNITY COLLEGE DISTRICT;<br><br>     Defendants. | Case No.   1:11-CV-00590-MJS<br><br>**STIPULATED PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the contents of any internal affairs investigation and employment/personnel files, including, but not limited to, performance evaluations, disciplinary history, citizen complaints, and

training courses, the disclosure of which information may have the effect of violating the privacy rights of OFFICER FELIPE Uribe.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the term of this order, the party making this designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential "Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such

counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, such "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery to this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

7. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and filed under seal until further order of this Court.

8. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential statue through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. This Order shall be without prejudice to the right of the parties (I) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. This Order is entered solely for the purpose of facilitating this exchange of documents and information between the parties to this action without involving the Court

unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceeding pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcriptions designated as confidential and all copies of same, or shall certify the destruction thereof.

Dated: April 15, 2013.                    MARDEROSIAN, RUNYON, CERCONE & COHEN


By:          /s/ Sue Ann Cercone
             Sue Ann Cercone,
             Attorney for Defendant
             above-named.

Dated: April 15, 2013.                    MOORE & MOORE


By:      /s/ Howard Moore, Jr.
         Howard Moore, Jr.
         Attorney for Plaintiff
         above-named.

**ORDER**

Good cause appearing, the above Stipulation is approved.

IT IS SO ORDERED.

Dated:   April 23, 2013                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARDEROSIAN,
RUNYON, CERCONE
& COHEN
1260 Fulton Mall
Fresno, CA 93721